UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

TERRY BLOUNT,

                Plaintiff,                Case No. 1:09-cv-58

v.                                            Honorable Gordon J. Quist

UNKNOWN McGUIGGINI et al.,

                Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous because it is barred by the statute of limitations.

**Discussion**

I.      Factual allegations

Plaintiff is incarcerated in the Boyer Road Correctional Facility, but the allegations giving rise to his complaint occurred while he was incarcerated at the Chippewa Correctional Facility. In his *pro se* complaint, Plaintiff sues Deputy Warden (unknown) McGuiggini, Food Services Staff Melissa Morrison, Resident Unit Manager G. Lemon, and a "John Doe" corrections officer.

Plaintiff claims that in June of 2004, while he was incarcerated at the Ionia Maximum Correctional Facility, Defendant Morrison wrote a false misconduct ticket against him. According to Plaintiff, he was found innocent of the charge and Morrison was placed on administrative leave for thirty days as a result of her misconduct for bringing the false charge against Plaintiff. Thereafter, Morrison was transferred to a position at the Chippewa Correctional Facility. On June 13, 2005, Plaintiff was transferred to the Chippewa Correctional Facility. A week later, on June 20, 2005, Plaintiff was served with a Notice of Intent to classify him to administrative segregation pending his transfer to another facility. Plaintiff was being transferred so that he would not be at the same facility with Defendant Morrison. It appears from the complaint that Plaintiff waived his right to a hearing and agreed to be placed in temporary segregation to protect himself from Morrison while he was awaiting transfer. Plaintiff maintains that, under Michigan Department of Correction (MDOC) policy, the period of temporary segregation should not have exceeded seven days. However, Plaintiff remained in administrative segregation without a hearing for twenty-one days, until he was transferred to the St. Louis Correctional Facility on July 13, 2005.

Plaintiff claims that Defendants placed him in administrative segregation for twenty-one days to retaliate against Plaintiff for defending himself against the false misconduct charges

brought against him by Morrison. Plaintiff further claims that Defendant Lemon "breached his duty to intervene" when he denied Plaintiff's grievance concerning his placement in administrative segregation. In addition, Plaintiff claims that the John Doe Corrections Officer violated his Fourth Amendment rights when he unlawfully seized Plaintiff and placed him in administrative segregation. Finally, Plaintiff claims that his placement in administrative segregation for twenty-one days, in violation of MDOC policy, constituted "false imprisonment/illegal detention." Plaintiff seeks monetary damages.

## II.  Statute of limitations

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1] Plaintiff's complaint is untimely. He asserts claims arising no later than July 13, 2005, when he was released from administrative segregation and transferred to another facility. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Thus,

---

[1] 28 U.S.C. § 658 created a "catch-all" limitations period of four years for civil actions arising under federal statute enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

his claims accrued in 2005. However, he did not file his complaint until January 2009, well past Michigan's three-year limit. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Further, it is well-established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir.1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint does not present a rational basis in law if it is time-barred by the appropriate statute of limitations. The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Accordingly, Plaintiff's action must be dismissed as frivolous.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), because it is barred by the statute of limitations.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:  March 13, 2009                             /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE