UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TERRY BLOUNT,

        Plaintiff,                                            Hon. Gordon J. Quist

v.                                                                                 Case No. 1:09-cv-58

GREGORY McQUIGGIN, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant McQuiggin's Motion for Summary Judgment. (Dkt. #32). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and Plaintiff's action **dismissed**.


## BACKGROUND

Plaintiff initiated this action on January 22, 2009, against Gregory McQuiggin, Melissa Morrison, G. Lemon, and various unidentified John Does. (Dkt. #1). The following allegations are contained in Plaintiff's verified complaint.

In June 2004, Defendant Morrison charged Plaintiff with a major misconduct violation. At the time, Plaintiff was housed at the Ionia Correctional Facility. Plaintiff was exonerated of this charge when it was determined that Morrison "falsified documents" to support such. Defendant Morrison was placed on administrative leave for 30 days and transferred to the Chippewa Correctional Facility. On or about June 13, 2005, Plaintiff was transferred to the Chippewa Correctional Facility.

On June 20, 2005, Plaintiff was placed in temporary segregation. Plaintiff was transferred to the St. Louis Correctional Facility on July 13, 2005.

Plaintiff alleges that Defendants Morrison, McQuiggin, and Lemon conspired to place him in segregation as retaliation for Plaintiff being exonerated of the false misconduct charges initiated by Defendant Morrison in June 2004. Plaintiff also alleges that Defendant Lemon failed to properly investigate a grievance he filed. Plaintiff next alleges that unidentified John Doe defendants handcuffed him in violation of his Fourth Amendment rights. Finally, Plaintiff alleges that Defendant McQuiggin subjected him to unlawful imprisonment by maintaining him in segregation longer than 21 days. Defendant McQuiggin now moves for summary judgment. Plaintiff has not responded to Defendant McQuiggin's motion. Service has yet to be effected on any of the other defendants.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has

had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.    Retaliation**

Plaintiff asserts that Defendant McQuiggin placed him in segregation in retaliation for Plaintiff being exonerated of the false misconduct charges initiated by Defendant Morrison in June 2004.

The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

Defendant does not appear to challenge whether Plaintiff can satisfy the first two elements of the analysis. Nevertheless, even if Plaintiff can satisfy the first two elements of the analysis, his claim fails at the third step. In examining the causation element, Plaintiff must establish that the adverse action taken against him was motivated by the protected conduct in which he engaged. In examining this element, Defendant's subjective motivation is at issue and while Plaintiff is not subject to a heightened pleading standard, his burden is not trivial.

As courts recognize, retaliation is "easy to allege" and "can seldom be demonstrated by direct evidence." *Huff v. Rutter*, 2006 WL 2039983 at *7 (W.D. Mich., July 19, 2006) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted); *see also*, *Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of retaliation must include a chronology of events from which retaliation may plausibly be inferred"). Furthermore, if Defendant demonstrates that he "would have taken the same action even without the protected activity," he is entitled to summary judgment. *See Eby*, 481 F.3d at 441-42.

Plaintiff asserts that Defendant McQuiggin placed him in segregation in June 2005 as retaliation for conduct that occurred one year before, at a different facility, and that did not involve McQuiggin. The relationship between the protected conduct and the alleged retaliatory action is far too tenuous to support a claim of retaliation. Moreover, as the evidence submitted by Defendant McQuiggin reveals, Plaintiff was placed in segregation for reasons unrelated to his protected conduct and was undertaken *with Plaintiff's consent*. Plaintiff was placed in segregation on June 20, 2005, "to separate him from contact with" Defendant Morrison pending transfer to another facility. (Dkt. #33, Exhibits A-B). Plaintiff agreed to this arrangement and was transferred to the St. Louis Correctional Facility on July 13, 2005, the earliest date on which he could be transferred. *Id.* Plaintiff offers no evidence to the contrary. The undersigned, therefore, recommends that Defendant McQuiggin is entitled to summary judgment as to this claim.

## II.         False Imprisonment

As noted, Plaintiff was housed in segregation for twenty-three (23) while he awaited transfer to another facility. Plaintiff claims that being held in detention for that period of time constituted false imprisonment.

The tort of false imprisonment involves the "unlawful restraint on a person's liberty or freedom of movement." *Hart v. Danak*, 2010 WL 1404431 at *2 (Mich. Ct. App., Apr. 8, 2010) (quoting *Walsh v. Taylor*, 689 N.W.2d 506 (Mich. 2004)). The elements of a false imprisonment claim are: (1) an act committed with the intent to confine another; (2) the outcome of the act, directly or indirectly, is confinement; and (3) the person confined is aware of the confinement. *Danak*, 2010 WL 1404431 at *2 (citing *Moore v. Detroit*, 652 N.W.2d 688 (Mich. Ct. App. 2002)). The "substance of

a false imprisonment claim is that the imprisonment is false because it occurs without right or authority." *Danak*, 2010 WL 1404431 at *2 (citing *Peterson Novelties, Inc. v. City of Berkley*, 672 N.W.2d 351 (Mich. Ct. App. 2003)). To prevail on his claim, therefore, Plaintiff "must establish that [his imprisonment] was illegal." *Danak*, 2010 WL 1404431 at *2 (citing *Peterson Novelties*, 672 N.W.2d 351). The evidence reveals that Plaintiff was not subjected to false imprisonment.

The decision to transfer Plaintiff from the Chippewa Correctional Facility was sound given the events described above involving Plaintiff and Defendant Morrison. It was also appropriate to segregate Plaintiff from Defendant Morrison pending such a transfer, a decision with which Plaintiff agreed. As for the length of time Plaintiff was confined in segregation, such was consistent with relevant policy. Michigan Department of Correction Policy provides that while prisoners are generally not to be confined in temporary segregation for longer than seven days, an exception is recognized for circumstances in which the prisoner is awaiting transfer to another facility where his needs can be met. *See* Mich. Dep't of Corr. Policy Directive 04.05.120 ¶ H (eff. Feb. 14, 2005). Defendant McQuiggin asserts that Plaintiff was transferred to another facility "as soon as bed space was available to accommodate his situation." (Dkt. #33, Exhibit B). Plaintiff offers no evidence to the contrary. Accordingly, the undersigned recommends that Defendant McQuiggin is entitled to summary judgment as to this claim.

**III.      Conspiracy**

Plaintiff alleges that Defendants Morrison, McQuiggin, and Lemon conspired to place him in segregation as retaliation for Plaintiff being exonerated of the false misconduct charges initiated by Defendant Morrison in June 2004. Plaintiff has failed to indicate whether this particular claim is

grounded in federal or state law. This is of no consequence, however, as Plaintiff's claim fails under either body of authority.

Under federal law, it is improper for "two or more persons" to conspire "for the purpose of depriving, either directly or indirectly," an individual of his civil rights. 42 U.S.C. § 1985. Plaintiff's claim must fail, however, because as previously noted Plaintiff cannot establish that the alleged conspiracy deprived him of a right or privilege protected by the laws or Constitution of the United States. *See Sawyer v. Lexington-Fayette Urban County Government*, 2001 WL 1006237 at *2 (6th Cir., Aug. 21, 2001) (citing *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996)). Plaintiff's conspiracy claim also fails under Michigan law. *See Karkoukli's, Inc. v. Walgreen Co.*, 2004 WL 435384 at *10-11 (Mich. Ct. App., Mar. 9, 2004) ("a claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable tort"). The undersigned, therefore, recommends that Defendant McQuiggin is entitled to summary judgment as to this claim.

**IV.        Remaining Defendants**

Plaintiff initiated this action on January 22, 2009. On March 13, 2009, Plaintiff's claims were dismissed on statute of limitations grounds. (Dkt. #5-6). On December 23, 2009, this determination was reversed by the Sixth Circuit. (Dkt. #12). This case was reopened in this Court on January 14, 2010. On October 7, 2010, summonses were issued for Defendants McQuiggin, Lemon, and Morrison. While service was effected on Defendant McQuiggin, the summonses addressed to Defendants Lemon and Morrison were returned unexecuted on November 29, 2010. (Dkt. #22-23). More than five months has passed since summonses were issued for Defendants Lemon and Morrison. During this time, Plaintiff has neither requested an extension of time to effect service on Defendants

Lemon and Morrison nor has he requested the Court's assistance in effecting service on these defendants.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at *2 (6th Cir., Sep. 5, 2003) (citation omitted). Considering Plaintiff's lack of diligence, the Court recommends that Plaintiff's claims against Defendants Lemon, Morrison, and all unidentified John Doe defendants be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant McQuiggin's Motion for Summary Judgment</u>, (dkt. #32), be **granted**; Plaintiff's claims against Defendants Lemon, Morrison, and all unidentified John Doe defendants be **dismissed without prejudice** for failure to timely effect service; and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                   Respectfully submitted,

Date: March 23, 2011                               /s/ Ellen S. Carmody
                                                               ELLEN S. CARMODY
                                                                United States Magistrate Judge